**Lincoln C. PASKELL,**
**Plaintiff–Appellee,**

v.

**NOBILITY HOMES, INC.,**
**Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

May 8, 1992.

Appeal Granted Oct. 26, 1992.

G. Wendell Thomas, Jr. and Rex A. Dale, with Kennerly, Montgomery & Finley, Knoxville, for defendant-appellant.

D. Scott Hurley and David L. Buuck, with Claiborne, Davis, Buuck & Hurley, Knoxville, for plaintiff-appellee.

## OPINION

SANDERS, Presiding Judge (Eastern Section).

The Defendant appeals from a judgment for breach of warranty on a mobile home where Plaintiff had knowledge of the defect for more than four years prior to filing suit.

In October, 1979, the Plaintiff–Appellee, Lincoln C. Paskell, purchased a double-wide mobile home from Emerts Mobile Homes in Knoxville, which was manufactured by Defendant–Appellant Nobility Homes, Inc. The mobile home carried a manufacturer's one-year limited warranty against defects in materials or workmanship at the time of delivery. The home was delivered to Plaintiff's property and placed on a foundation and the two units were fastened together. When the work of putting the units together was completed, there was a noticeable "swag" in the roof. Mr. Paskell told Mr. Donnie Miller, the salesman who sold him the house, he didn't want a home with a "swag" in the roof. A conference telephone call was made from the office of Emerts Mobile Homes to the home office of Nobility Homes, Inc. In that telephone call Mr. Paskell and Mr. Miller discussed the matter with a representative of Nobility Homes, Inc. (Nobility). The record is not clear as to all that was said in the course of that conversation but Mr. Paskell was threatening to return the home to Nobility's agent. As a result of that conversation, Mr. Bruce Stockton, general manager of Nobility, sent Mr. Paskell a letter dated January 9, 1980, which stated, "Let this be formal notice of an extended warranty period on the roof of your Nobility Home. We agree to guarantee your roof and rafter system unconditionally for a five-year period from today's date."

Within a few weeks of completing the installation, when it rained the Paskells discovered leaks in the ceiling of the house. They called the Defendant and its employees came out and did some caulking around the front door but this did not stop the leakage. It appears from the record that Paskells had water problems every time it rained. They called the Defendant on a number of occasions and, although it sent its employees out to work on the house, the water problem was never solved.

In August, 1986, the Paskells sued Nobility Homes, Inc., in the general sessions court for breach of warranty. Nobility defended, saying the claim was barred by the statute of limitations. The general sessions court dismissed the case and Paskell appealed to the circuit court where the case was tried on the same issues.

The court found the four-year statute of limitations had not run and entered judgment for the Plaintiff. The Defendant has appealed, saying the court was in error. We must agree.

In his determination of the case, the trial court, in addressing the statute of limita-

tions, said: "[T]he Court is of the opinion that a proper construction of the promise made and the intent contained in Exhibit 3 [the letter extending the warranty] is such that when the manufacturer failed to correct these problems before January 9, 1985, that there was a breach and that the owner-purchaser had four years thereafter within which to file his suit and the suit filed on August 26, 1986 comes clearly within that four year period of time, and that this case is not barred by the statute of limitations."

 We are unable to agree with the conclusion reached by the court. The Uniform Commercial Code applies to the sale of a mobile home. 79 C.J.S. Supp. Secured Transaction § 15 (1974), *see also Bank of Commerce v. Waddell*, 731 S.W.2d 61, 63 (Tenn.App.1986). The proper statute of limitations is four years, as provided in T.C.A. § 47–2–725, the applicable portion of which provides:

> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. ....
>
> (2) .... A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance *the cause of action accrues when the breach is or should have been discovered.* ...."

(Emphasis ours.)

Since Paskell was aware of the breach of warranty at the time the extended warranty was received, the four-year statute of limitations began running at that time.

In his brief Appellee cites White and Summers, Uniform Commercial Code, 2d Ed., 1980, at Ch. 11, Sec. 9, p. 419. At page 419 of the Treatise, Professors White and Summers opine as follows:

> Presumably such a case (warranty explicitly extending to future performance) would be one in which the seller gave a 'lifetime' guarantee or one in which he, for example, expressly warranted that an automobile would last for 24,000 miles or four years, whichever occurred first. If the automobile failed in the twenty thou-

sandth mile and after three years of driving, the buyer (if he had no notice or knowledge of the defect prior to the failure) would have four years from that date to commence his suit notwithstanding that his suit would then be brought seven years after the sale had occurred.

Appellee contends this supports the holding of the trial court.

 We cannot agree. We think it corroborates the rule that when a warranty is extended to future performance, the statute of limitations begins to run from the date the purchaser knew of its breach. Since the Plaintiff in the case at bar knew of the breach of warranty in January, 1980, and suit was not filed until August, 1986, the suit was time barred by the statute of limitations.

The issues are found in favor of the Appellant. The judgment of the trial court is reversed and the complaint is dismissed. The cost of this appeal is taxed to the Appellee and the case is remanded to the trial court for any additional necessary proceedings.

GODDARD and FRANKS, JJ., concur.